UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IDEXX LABORATORIES, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|                v. | )   2:22-cv-00056-JDL |
| | ) |
| GRAHAM BILBROUGH et al., | ) |
| | ) |
| | ) |
|    Defendant. | ) |

**ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

Plaintiff IDEXX Laboratories, Inc. ("IDEXX") filed this action in February 2022 against Defendants Graham Bilbrough and Melissa LaPointe, former employees who resigned and accepted new positions with one of the Plaintiff's competitors (ECF No. 1). IDEXX asserts a federal statutory claim under the Defend Trade Secrets Act of 2016, 18 U.S.C.A § 1836 (West 2022), as well as a related state law claim, alleging threatened misappropriation of trade secrets against both Defendants. IDEXX also alleged a breach of contract claim against LaPointe.[1]

Pursuant to 28 U.S.C.A § 636(b)(1) (West 2022), United States Magistrate Judge John C. Nivison conducted a hearing on IDEXX's Motion for Expedited Discovery (ECF No. 10) on April 29, 2022, and issued an order denying the motion on May 9, 2022 (ECF No. 30). Defendants filed a Motion to Dismiss on May 6, 2022 (ECF No. 29), asserting that Plaintiff had failed to state a claim and arguing that this

---

[1] IDEXX voluntarily dismissed its claims against LaPointe in June 2022 (ECF No. 33).

1

Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Judge Nivison reviewed the Motion to Dismiss, along with IDEXX's Memorandum of Law in Opposition to Defendant's Motion to Dismiss (ECF No. 35) and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 36). Judge Nivison filed his Recommended Decision with the Court on August 2, 2022 (ECF No. 41), pursuant to 28 U.S.C.A. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b), recommending that the Court grant Defendant's Motion to Dismiss because the Plaintiff failed to bring an actionable claim under federal law. He also recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The time within which to file objections has expired, and no objections have been filed. The Magistrate Judge provided notice that a party's failure to object would waive the right to *de novo* review and appeal.

Notwithstanding this waiver, I have reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 41) of the Magistrate Judge is hereby **ACCEPTED**, Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

SO ORDERED.

Dated this 4th day of October, 2022.

                                                  /s/ Jon D. Levy  
                                        **CHIEF U.S. DISTRICT JUDGE**